UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                              Case No. 8:07-cr-502-T-23TGW
                                                         8:10-cv-1278-T-23TGW

RICKY REYNOLDS
_____/


# O R D E R

Reynolds's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges

the validity of his conviction for possession of document making implements and

authentication features, for which offense he is serving thirty-seven months. Rule 4,

Rules Governing Section 2255 Cases, requires both a preliminary review of the motion

to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion,

any attached exhibits, and the record of prior proceedings that the moving party is not

entitled to relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir.

1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this

case the record, uncontradicted by [defendant], shows that he is not entitled to relief.");

Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the

district court to summarily dismiss the motion and notify the movant if 'it plainly appears

from the face of the motion and any annexed exhibits and the prior proceedings in the

case that the movant is not entitled to relief.'"). Reynolds's motion to vacate lacks merit.

---

[1]   Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued
before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.
1981) (en banc).

On July 19, 2007, Reynolds was arrested for violating probation in Polk County case CF02-147A-XX ("first state case"). While searching Reynolds's vehicle officers found four counterfeit Florida driver's licenses and eleven counterfeit checks. On October 16, 2007, Reynolds pleaded nolo contendere in Polk County case CF07-5458-XX ("second state case") to four counts of possession of counterfeit driver's license and five counts of possession of counterfeit checks. The state court revoked probation and sentenced Reynolds to thirty-one and a half months in the first state case, and in the second state case the court sentenced Reynolds to a concurrent thirty-one and a half months. Two months later the federal grand jury returned a five-count indictment against Reynolds based on the same counterfeit checks and driver's licenses. Pursuant to a plea agreement, four counts were dismissed and Reynolds pleaded guilty to possession of document making implements and authentication features. On June 30, 2008, this court sentenced Reynolds to thirty-seven months consecutive to the state sentences.

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. Because Reynolds's conviction was final in July 2008, his limitation expired one year later, in July, 2009. Reynolds filed his motion to vacate in June, 2010, nearly a year late. Reynolds's argument for entitlement to a delayed start of the limitation is baseless.

Immediately after imposition of the federal sentence, Reynolds was returned to custody of the State of Florida to complete his two state sentences. Reynolds represents that after his delivery to federal custody in October, 2009, he learned that the Bureau of Prisons was allegedly calculating his sentence incorrectly. However, as shown below, the Bureau of Prisons is properly calculating Reynolds's sentence.

Reynolds's entire argument is based on his misunderstanding or misrepresentation of fact. On October 16, 2007, the state court imposed concurrent thirty-one and a half month sentences in the two state cases. The federal sentence was imposed consecutive to first state case with no mention of the second state case. Reynolds represents that he believed his federal sentence would run concurrent with the second state case and that, because he expired the first state sentence on December 17, 2007, he started simultaneously serving the second state sentence and his federal sentence. Reynolds's interpretation is impossible. First, Reynolds's thirty-one and a half month sentence, imposed on October 16, 2007, could not have expired just two months after it was imposed. Second, if December 17, 2007, is the correct date for expiration of the first state sentence, this court could not have ordered that the federal sentence run consecutive to the first state sentence because federal sentencing occurred six months later on June 30, 2008. In-other-words, the federal sentence could not be imposed consecutive to an already expired sentence.[2]

---

[2] A similar explanation was provided to Reynolds when his motion for clarification or modification of sentence (Doc. 37) was denied (Doc. 38). Reynolds was told that his assertion that he expired his first state case on December 17, 2007, was "historically wrong and logically untenable."

Lastly, as part of his plea agreement Reynolds waived his right to collaterally challenge the calculation of his sentence. And Reynolds cannot benefit from alleging ineffective assistance of counsel. A valid appeal waiver precludes an ineffective assistance of counsel challenge to the sentence. <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir.) ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."), <u>cert.</u> <u>denied</u> 546 U.S. 902 (2005). Reynolds cannot circumvent the appeal waiver provision by disguising his challenge as a claim of ineffective assistance of counsel. "A contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." <u>Williams</u>, 396 F.3d at 1342.

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred and waived by the plea agreement. The clerk shall enter a judgment against Reynolds and close this case.

ORDERED in Tampa, Florida, on June 22, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE